**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

SANDY BAEZ,                        )
                                         )
              Plaintiff,         )
                                         )
               v.              )        Civil Action No. 3:10-24
                                         )
CORNELL COMPANIES, INC, et al.,    )        Judge Kim R. Gibson
                                       )        Magistrate Judge Cathy Bissoon
              Defendants.     )
                                         )

## <u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>

## I.    <u>RECOMMENDATION</u>

As discussed below, it is respectfully recommended that:

1.   Defendants Dr. Alfred B. Coren and Dr. R.G. Williams' Motion to Dismiss (Doc. 37) be GRANTED;

2.   Defendants Daniel Buckles, Cornell Companies, Inc., Dr. Agra, Dr. Romero, Moshannon Valley Correctional Center, Mr. Michael Zenk, Mr. Rohrbacker, and Ms. Dawson's Motion to Dismiss (Doc. 40) be GRANTED;

3.   Defendant Dr. G.M. Zlupko's Motion to Dismiss (Doc. 43) be GRANTED;

4.   Defendants Federal Bureau of Prisons and Paul Juster's Motion for Substitution of Party be GRANTED with respect to Plaintiff's state law negligence claims against those Defendants, and that Plaintiff's claims against the United States be dismissed for lack of subject matter jurisdiction; and

5.   Defendants Federal Bureau of Prisons and Paul Juster's Motion to Dismiss or in the Alternative, Motion for Summary Judgment be GRANTED.

## II.     REPORT

**BACKGROUND**

Plaintiff Sandy Baez is a federal inmate housed at Moshannon Valley Correctional Center ("MVCC") in Philipsburg, Pennsylvania.  Compl. ¶ 1.  MVCC is a private facility operated by Cornell Companies, Inc. ("Cornell"), under contract with the Federal Bureau of Prisons ("FBOP").  Compl. ¶¶ 2-4.  Defendant Juster is or was an FBOP employee.  See Compl. ¶ 7. Defendants Zenk, Agra, Romero, Dawson, Buckles, and Rohrbacker are or were employees of MVCC and/or Cornell.  Compl. ¶¶ 5, 6, 8(a), 8(b), 9, 10.  Defendants Coren and Williams are or were employees of Clearfield Hospital.  Compl. ¶¶ 8(c), 8(d).  Defendant Zlupko is or was an employee of Altoona Lung Specialists.  Compl. ¶ 8(e).

Plaintiff's claims relate to the medical care he received while incarcerated at MVCC. Specifically, Plaintiff alleges that he had a persistent lung condition beginning in November 2007, which resulted in the removal of part of his right lung in October 2008.  See Compl. ¶¶ 28-75.  With respect to Defendants Cornell, MVCC, and their employees (collectively, "the Cornell Defendants"), Plaintiff alleges that they provided inadequate medical care for Plaintiff's lung condition, resulting in pain and suffering, and the loss of a portion of Plaintiff's right lung. See id.  With respect to Defendants FBOP and Juster, Plaintiff alleges that they delayed his medical treatment by failing to make arrangements for medical care and denying requests for transfer to an FBOP medical facility.  See Compl. ¶¶ 91-93, 100-102, 108-110, 117-119.  With respect to Defendants Coren, Williams, and Zlupko, Plaintiff's allegations are not entirely clear, but Plaintiff appears to allege that those Defendants contributed to the allegedly inadequate medical care he received.

Specifically, Plaintiff brings claims under 42 U.S.C. § 1983 against Cornell (Count I), MVCC (Count II), and the individual Defendants (Count III) for failure to provide adequate

medical care in violation of the Eighth Amendment to the U.S. Constitution. Plaintiff also asserts similar claims under <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971), against the individual Defendants for alleged deprivation of Eighth Amendment rights (Count IV), against the individual Defendants for alleged deprivation of Fifth Amendment rights (Count V), and against FBOP for alleged deprivation of Fifth and Eighth Amendment Rights (Count VI). Finally, Plaintiff asserts state law negligence claims against Cornell (Count VII), MVCC (Count VIII), FBOP (Count IX), and the individual Defendants (Count X).

## ANALYSIS

### A. Applicable Standard

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) if, reading the complaint in the light most favorable to the plaintiff, and accepting all factual allegations as true, no relief could be granted under any "reasonable reading of the complaint." <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 233 (3d Cir. 2008). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. ___, 129 S.Ct. 1937, 1949 (2009).

A party's burden in response to a well-pleaded motion for summary judgment is to present "specific facts showing that there is a genuine issue for trial," Fed. R. Civ. P. 56(e), or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law.[1] <u>Matsushita Elec. Ind. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).

---

[1]   Defendants FBOP and Juster have filed a Motion to Dismiss or in the Alternative for Summary Judgment. Plaintiff has filed multiple detailed responses to this motion, and has

An issue is genuine only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). The inquiry, then, involves determining "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52.

**B. Analysis**

    1. Section 1983 Claims (Counts I, II and III)

Plaintiff's claims under 42 U.S.C. § 1983 (Counts I, II and III) should be dismissed for failure to state a claim, because none of Plaintiff's claims involve a state actor. To state a claim under § 1983, a plaintiff must show that an alleged deprivation of a right secured by the Constitution and laws of the United States was committed by a person acting "under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); see also Couden v. Duffy, 446 F.3d 483, 491 (3d Cir. 2006). All of Defendants' conduct alleged in Plaintiff's Complaint occurred while Plaintiff was a federal inmate in the custody of the United States, Federal Bureau of Prisons. While some of the alleged conduct might involve federal officials, not of the Defendants' alleged conduct could have been under color of state law. See Couden, 446 F.3d at 491 (noting distinction between § 1983 actions against state actors and Bivens actions against federal officials). Thus, Plaintiff cannot state a claim under 42 U.S.C. § 1983.

---

been afforded the opportunity to present evidence in response to this motion. Furthermore, Plaintiff has actually proffered a substantial amount of evidence in support of his arguments, see, e.g., Doc. 53-1, which, when read in conjunction with Defendants' motion and Plaintiff's response thereto, demonstrates that no genuine issue of material facts exists. It is clear that the parties have treated the motion as one seeking summary judgment, and, consequently, the Court will address the motion in the same manner.

2. <u>Bivens Claims (Counts IV, V, and VI)</u>

Under <u>Bivens</u>, an implied cause of action for damages exists against federal agents for deprivation of certain constitutional rights. Plaintiff asserts <u>Bivens</u> claims against the individual Defendants and the FBOP.

As an initial matter, Counts V and VI of the Complaint allege deprivation of Plaintiff's rights under the Fifth Amendment, but the Complaint does not indicate which particular rights under the Fifth Amendment are implicated. Even a liberal reading of the Complaint does not reveal any alleged deprivation of any rights under the Fifth Amendment. To the extent Plaintiff is asserting claims for alleged deprivation of rights under the Fifth Amendment, those claims should be dismissed for failure to state a claim.

*a. Individual Defendants other than Defendant Juster*

The Supreme Court has held that no implied damages action exists under <u>Bivens</u> against private corporations housing federal prisoners under contract with the FBOP. <u>Correctional Servs. Corp. v. Malesko</u>, 534 U.S. 61, 70-71 (2001). The Court in <u>Malesko</u>, however, did not address whether employees of private companies could be subject to a damages action under <u>Bivens</u>. <u>Id.</u> at 65. The Court of Appeals for the Third Circuit also has not addressed this issue.

However, the Court of Appeals for the Fourth Circuit in <u>Holly v. Scott</u>, 434 F.3d 287 (4th Cir. 2006), <u>cert. denied</u>, 547 U.S. 1168 (2006), has held that no implied <u>Bivens</u> action exists against employees of a private corporation operating a federal prison. The Fourth Circuit found that the actions of employees of a private company operating a federal prison are not fairly attributable to the federal government. <u>Id.</u> at 291-94. <u>But see</u> <u>Pollard v. GEO Group, Inc.</u>, 607 F.3d 583, 588-593 (disagreeing with <u>Holly</u> and finding that employees of private corporation operating federal prison act under color of federal law for purposes of <u>Bivens</u> liability).

Further, the Court in Malesko noted that Bivens has been extended only "to provide an otherwise nonexistent cause of action against individual officers alleged to have acted unconstitutionally, or to provide a cause of action for a plaintiff who lacked any alternative remedy . . . ." Malesko, 534 U.S. at 70. Applying Malesko, the Fourth Circuit in Holly noted that the plaintiff possessed an adequate state law remedy, and declined to extend Bivens on the basis that the existence of this alternative remedy foreclosed creation of a Bivens action. Holly, 434 F.3d at 295-297; see also Malesko, 534 U.S. at 72-73 ("[F]ederal prisoners in private facilities enjoy a parallel tort remedy that is unavailable to prisoners housed in Government facilities.").

This reasoning is consistent with the Supreme Court's most recent statements concerning the extension of Bivens claims. Wilkie v. Robbins, 551 U.S. 537 (2007) ("We have seen no case for extending Bivens to claims against . . . private prisons.") (citations omitted). A similar conclusion was reached by the Court of Appeals for the Eleventh Circuit in Alba v. Montford, 517 F.3d 1249, 1254-56 (11th Cir. 2008) (affirming dismissal of Bivens claim against employees of private company operating federal prison because plaintiff had alternative state law remedy). But see Pollard, 607 F.3d 583, 593-603 (disagreeing with the Fourth and Eleventh Circuits, and finding that availability of state law remedies, alone, does not preclude action under Bivens).

The undersigned agrees with the analysis set forth at length in both Holly and Alba, and the same result is applicable in this case. The actions of the individual Defendants other than Paul Juster are not fairly attributable to the federal government, and are therefore not subject to a Bivens action. Further, Plaintiff has available state court causes of action against those Defendants for negligence with respect to the alleged denial of medical care. In light of Plaintiff's ability to seek relief in the state courts, there is no need to "create" a Bivens action to

provide a remedy.  Holly, 434 F.3d at 295-297; Alba, 517 F.3d at 1254-56.  Plaintiff's Bivens claims against the individual Defendants should be dismissed.

### b.  Defendants FBOP and Paul Juster

Sovereign immunity precludes Plaintiff from bringing a Bivens action against the FBOP or Defendant Paul Juster in his official capacity as a federal agent.  FDIC v. Meyer, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); Lewal v. Ali, 289 F. App'x. 515, 516 (3d Cir. 2008) (noting that claims against federal agents in their official capacities are claims against the United States and, as such, are barred by sovereign immunity).  Thus, Plaintiff's Bivens claims against FBOP and against Defendant Juster, in his official capacity, should be dismissed with prejudice.

To the extent Plaintiff is asserting claims against Defendant Juster in his individual capacity, Plaintiff's claims should be dismissed because Plaintiff has failed to pursue administrative remedies for his claims against Defendant Juster.  No prisoner civil rights claim may be commenced by a prisoner "until such administrative remedies as are available are exhausted." 42 U.S.C.A. § 1997e (a).  An inmate is required to "avail[ ] himself of every process at every turn" in the applicable prison administrative process.  Spruill v. Gillis, 372 F.3d 218, 227-28 (3d Cir. 2004).  "[I]t is beyond the power of this court-or any other-to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis." Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000).  The "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).  This exhaustion requirement applies to Bivens claims, such as those in the instant case.  Nyhuis, 204 F.3d at 68.

Plaintiff apparently only pursued administrative remedies with respect to alleged conduct of the MVCC medical staff.  See Doc 53-1 at 8-9 (documents related to Plaintiff's administrative claims).  He did not pursue administrative remedies with respect to any alleged conduct of Defendant Juster.  See id.  Because Plaintiff failed to exhaust administrative remedies with respect to Defendant Juster's alleged conduct, summary judgment should be entered in favor of Defendant Juster on Plaintiff's Bivens claim.

Further, Defendant Juster is a non-medical prison official and Plaintiff has failed to allege any facts to suggest that Mr. Juster was aware of any inadequacies in Plaintiff's medical treatment.  Conduct depriving a prisoner of medical treatment violates the Eighth Amendment only when done with "deliberate indifference to the serious medical needs" of the prisoner. Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004).  Once a prisoner is under a physician's care, a non-medical prison official cannot be considered to be deliberately indifferent merely for failure to respond to a prisoner's medical complaints.  Id. at 236 (citing Durmer v. O'Carroll, 991 F.2d 64 (3d Cir. 1993)).  "[A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." Id. at 236.

Plaintiff has failed to allege sufficient facts to support a claim that Defendant Juster acted with "deliberate indifference" in violation of the Eighth Amendment.  All of the events alleged by Plaintiff occurred while he was under the medical care of physicians.  See Compl. ¶¶ 28-75. Plaintiff alleges that he "repeatedly requested medical care and treatment from" Defendant Juster, that Defendant Juster was "aware of Plaintiff's need and request for medical care and treatment," and that Defendant Juster nonetheless "failed and refused to make any arrangements

to effectively treat the plaintiff's injuries and sickness." Compl. ¶¶ 91-93; see also id. ¶¶100-102, 108-110, 117-119. But Defendant Juster's mere knowledge of Plaintiff's medical condition and failure to respond to Plaintiff's medical complaints cannot comprise "deliberate indifference" required for an Eighth Amendment violation. See Spruill, 372 F.3d at 236.

The Court need not consider whether the facts alleged in the Complaint would support a finding that the medical treatment received by Plaintiff was inadequate. Defendant Juster, as a non-medical prison official, was justified in believing that Plaintiff was in the capable hands of the prison medical staff. See id. at 236. Even if Plaintiff received inadequate medical treatment, none of Plaintiff's allegations suggest that Defendant Juster knew or should have known that Plaintiff's treatment was medically inadequate or that Defendant Juster knew or should have known that the alleged delays in Plaintiff's treatment were medically unacceptable. Plaintiff therefore has failed to state a Bivens claim against Defendant Juster for alleged violation of the Eighth Amendment.

### 3. State Law Negligence Claims

#### a. Defendants FBOP and Juster

Plaintiff alleges in Count IX that FBOP is liable for the alleged negligence of the individual Defendants, and alleges in Count X that the "individual Defendants" (presumably including Defendant Juster) were negligent. Plaintiff's negligence claims against the FBOP and Defendant Juster presumably are claims pursuant to the Federal Tort Claims Act ("FTCA"). The FBOP and Defendant Juster are entitled to dismissal of this claim because the United States is the only appropriate party to such a claim. McNiff v. Asset Management Specialists, Inc., 337 F. Supp. 2d 685, 691 (E.D. Pa. 2004).

Pursuant to 28 U.S.C. § 2679(d)(1), the Attorney General, by and through the Acting U.S. Attorney for the Western District of Pennsylvania, certified that with respect to the

allegations of Plaintiff's Complaint, Defendant Juster was acting within the scope of his employment as an employee of the FBOP. Doc. 46-1. Thus, the United States should be substituted as the party Defendant with respect to the alleged negligence of the FBOP and Defendant Juster. 28 U.S.C. § 2679(d)(1).

Plaintiff's state law negligence claims against the United States should be dismissed. With respect to the alleged negligence of the Defendants other than Defendant Juster, the United States cannot be liable for the negligence of independent contractors. See 28 U.S.C. § 2671; Logue v. United States, 412 U.S. 521, 528 (1973). In Logue, the Supreme Court held that the United States will not be liable under the FTCA by virtue of entering contracts and demanding compliance with federal standards unless the United States supervises the "day-to-day operations" of the contractor. Therefore, to hold the federal government liable under the FTCA, it must have actual control over the physical conduct of prison employees engaged in the supervision and treatment of a prisoner at the time the injury occurred. Id.

A review of the contract between Cornell and the United States reveals that Cornell, and not FBOP, controls the day-to-day operations of MVCC, including, but not limited to, the medical care provided to the inmates housed there. See Doc. 48-2 at 3-25. Moreover, FBOP does not physically supervise the conduct of the staff at MVCC. Because MVCC is run by an independent contractor, Cornell, Plaintiff cannot maintain an action under the FTCA based on the negligence of Cornell, MVCC, their employees, or the physician specialists to which Plaintiff was referred by MVCC employees. Therefore, Plaintiff's FTCA claims based on the conduct of the Defendants other than Defendant Juster should be dismissed for lack of subject matter jurisdiction. See Norman v. United States, 111 F.3d 356 (3d Cir. 1997) (affirming dismissal of

FTCA claim for lack of subject matter jurisdiction where alleged conduct falls under FTCA's independent contractor exception).

With respect to the alleged negligence of Defendant Juster, Plaintiff's claims against the United States should be dismissed for failure to exhaust administrative remedies. The FTCA limits subject matter jurisdiction by requiring claimants to first file an administrative claim with the relevant agency and receive a written denial of the claim before suit can be filed in federal court. 28 U.S.C. § 2675(a); Rosario v. Am. Export-Isbrandtsen Lines, Inc., 531 F.2d 1227, 1231 (3d Cir. 1976) (holding that under FTCA, exhaustion "requirement is jurisdictional and cannot be waived").

Plaintiff alleges in his Complaint that he "repeatedly requested medical care and treatment from" Defendant Juster, that Defendant Juster was "aware of Plaintiff's need and request for medical care and treatment," and that Defendant Juster nonetheless "failed and refused to make any arrangements to effectively treat the plaintiff's injuries and sickness." Compl. ¶¶ 91-93; see also id. at ¶¶ 100-102, 108-110, 116-119. Specifically, Plaintiff alleges that Defendant Juster, "FBOP Directors," and "FBOP administrative department" knew of Plaintiff's need for medical care and denied Plaintiff's request for transfer to an FBOP medical facility to receive medical care, treatment and surgery. Compl. ¶¶ 116-118. Plaintiff did not raise these claims in pursuing his administrative tort claim. See Doc. 53-1 at 11-12 (Plaintiff's Claim for Damage, Injury, or Death form). Plaintiff's administrative claim merely mentions Defendant Juster, alleges that Plaintiff received inadequate medical care, and vaguely alleges that the "Federal Bureau of Prisons' Regional Director," among others, "delayed surgery to the extent that my illness and condition became worse." Id. Because Plaintiff failed to pursue an

administrative claim with respect to the alleged negligence of Defendant Juster, this Court lacks jurisdiction over such a claim.

### b. Defendants Dr. Williams, Dr. Coren, and Dr. Zlupko

Defendants Williams, Coren, and Zlupko seek dismissal of Plaintiff's claims against them because Plaintiff has not filed the certificate of merit required by Pennsylvania Rule of Civil Procedure 1042.3. Under Rule 1042.3, a plaintiff in "any action based upon an allegation that a licensed professional deviated from an acceptable professional standard" must file a certificate of merit that "an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm." Pa. R. Civ. P. 1042.3. This certificate of merit requirement is a matter of substantive law that must be applied by this Court when considering claims based on state law. Booker v. United States, 366 Fed. App'x 425, 426-27 (3d Cir. 2010).

As to Defendant Zlupko, Plaintiff filed a document containing the words "Certificate of Merits" in the caption, and the title "Plaintiff's Reply to Dr. G. M. Zlupko's Notice of Intention to Enter Judgment of Non Pros on Professional Liability Claim" (Doc. 33). In Plaintiff's brief (Doc. 52) in response to Defendant Zlupko's Motion to Dismiss, Plaintiff argues that he should be relieved of the requirement of filing a certificate of merit because his "Reply" (Doc. 33) with attached statements from the prison warden, Defendant Zenk, is sufficient. But Plaintiff's "Reply" (Doc. 33) presents what appear to be Plaintiff's own general arguments about his case and does not indicate whether he has obtained the written statement from an appropriate licensed professional that is required by Rule 1042.3. Defendant Zenk, a prison warden, is not "an appropriate licensed professional" for purposes of evaluating the adequacy of medical care. In

any event, Defendant Zenk concluded that Plaintiff was under "continuous medical care and follow-up" and that all recommendations were followed. Doc. 33-2. Thus, Defendant Zenk's statements do not indicate that Defendant Zlupko's conduct fell outside acceptable professional standards, as required by Rule 1042.3.

As to Defendants Coren and Williams, Plaintiff has provided no explanation for his failure to file the required certificate of merit.

Because Plaintiff has not filed the required certificates of merit as to Defendants Coren, Williams, and Zlupko, Plaintiff's claims against those Defendants should be dismissed without prejudice. See Booker, 366 Fed. App'x at 426-27 (explaining that failure to file certificate of merit under Rule 1042.3 should result in dismissal without prejudice). Plaintiff may re-assert his claims and file the required certificates of merit, so long as his claims are not time-barred.[2] See id.

### c. Cornell Defendants

The Cornell Defendants argue that this Court should decline to exercise supplemental jurisdiction over the state law negligence claims against them. The undersigned agrees with the Cornell Defendants. Plaintiff's state law claims against the Cornell Companies Defendants should be dismissed without prejudice to Plaintiff's ability to amend his Complaint to allege facts supporting diversity jurisdiction.

---

[2] Given the lack of any surviving claims over which this Court has original jurisdiction, it would be improper to assert supplemental jurisdiction over Plaintiff's state law claims against these Defendants – regardless of whether Plaintiff is able to file timely certificates of merit. See 28 U.S.C. § 1367(c)(3). While Plaintiff does make the bald assertion in his Complaint that diversity jurisdiction is proper, for the reasons stated in Part II.B.2.c of this report, *infra*, Plaintiff has failed to allege any facts from which this Court could conclude that diversity of citizenship exists between Plaintiff and Defendants Coren, Williams and Zlupko. Absent proper allegations of diversity of citizenship, this Court lacks subject matter jurisdiction over Plaintiff's state law claims and, consequently, these claims cannot be entertained in federal court. See 28 U.S.C. § 1332(a).

Plaintiff asserted diversity jurisdiction in his Complaint. Compl. ¶ 11. Diversity jurisdiction exists if the amount in controversy is greater than $75,000, and the Plaintiff's state of citizenship is different from the state of citizenship for all the Defendants. See 28 U.S.C. § 1332(a). Plaintiff alleges facts that indicate that Defendant Cornell Companies is a citizen of Texas and/or Pennsylvania, and that Defendant MVCC is a citizen of Pennsylvania. Compl. ¶¶ 2-3; see 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business).

Plaintiff, however, has not alleged the state of citizenship for himself or any of the individual Defendants. Plaintiff alleges that he "resides" at MVCC in Pennsylvania. For purposes of determining diversity jurisdiction, "citizenship" means domicile, not residence. Pierro v. Kugel, 386 Fed. App'x 308, 309 (3d Cir. 2010) (citing Krasnov v. Dinan, 465 F.2d 1298, 1300 (3d Cir. 1972)). "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment," unless the prisoner has a bona fide intent to remain in the state of incarceration or release. Id.

Plaintiff states in his Complaint that in or about May 2006, he came into the custody of the U.S. Marshal Service and was detained at the Donald Wyatt Detention Facility. Compl. ¶¶ 23-25. Plaintiff later was transferred to Metropolitan Detention Center in New York, and then was transferred to MVCC in Pennsylvania. Id. at ¶¶ 26-27. The location of Plaintiff's domicile prior to coming into the custody of the U.S. Marshal Service in May 2006 is Plaintiff's presumptive state of citizenship for purposes of diversity jurisdiction, unless Plaintiff has a bona fide intention to remain in Pennsylvania.

If Plaintiff is a citizen of a state that is different from the state of citizenship of all of the Defendants, Plaintiff should be permitted to amend his complaint to allege the state of citizenship for himself and the Defendants in order to assert diversity jurisdiction over his state law negligence claims.  See Chem. Leaman Tank Lines, Inc. v. Aetna Casualty & Surety Co., 177 F.3d 210, 222 n.13 (3d Cir. 1999) (noting that Plaintiff asserting diversity jurisdiction must state all parties' citizenship, and that it is the duty of a federal court to consider on the merits a proposed amendment to correct a defective allegation of jurisdiction).

## CONCLUSION

For all of the reasons stated above:

1. Defendants Dr. Alfred B. Coren and Dr. R.G. Williams' Motion to Dismiss (Doc. 37) should be GRANTED;

2. Defendants Daniel Buckles, Cornell Companies, Inc., Dr. Agra, Dr. Romero, Moshannon Valley Correctional Center, Mr. Michael Zenk, Mr. Rohrbacker, and Ms. Dawson's Motion to Dismiss (Doc. 40) should be GRANTED;

3. Defendant Dr. G.M. Zlupko's Motion to Dismiss (Doc. 43) should be GRANTED;

4. Defendants Federal Bureau of Prisons and Paul Juster's Motion for Substitution of Party should be GRANTED with respect to Plaintiff's state law negligence claims against those Defendants, and Plaintiff's claims against the United States should be dismissed for lack of subject matter jurisdiction; and

5. Defendants Federal Bureau of Prisons and Paul Juster's Motion to Dismiss or in the Alternative, Motion for Summary Judgment should be GRANTED.

Plaintiff's claims should be disposed of as follows:

1. Counts I, II, and III (claims under § 1983) should be DISMISSED WITH PREJUDICE for failure to state a claim because none of Plaintiff's allegations implicate a state actor;

2. Count IV (<u>Bivens</u> claim against individual Defendants for violation of Eighth Amendment) and Count V (<u>Bivens</u> claim against individual Defendants for violation of Fifth Amendment) against Defendants Zenk, Agra, Romero, Dawson, Buckles, Rohrbacker, Williams, Coren, and Zlupko should be DISMISSED WITH PREJUDICE because none of those Defendants is subject to a <u>Bivens</u> action.

3. Summary Judgment should be entered in favor of Defendant Juster on Count IV (<u>Bivens</u> claim against individual Defendants for violation of Eighth Amendment) and Count V (<u>Bivens</u> claim against individual Defendants for violation of Fifth Amendment), because Plaintiff failed to exhaust his administrative remedies;

4. Count VI (<u>Bivens</u> claim against FBOP) should be DISMISSED WITH PREJUDICE, because FBOP and Defendant Juster, in his official capacity, are entitled to sovereign immunity;

5. Count VII (negligence against Cornell), Count VIII (negligence against MVCC), and Count X (negligence against individual Defendants) against Defendants Zenk, Agra, Romero, Dawson, Buckles, Rohrbacker, Williams, Coren, and Zlupko, should be DISMISSED WITHOUT PREJUDICE to Plaintiff's ability to allege facts establishing diversity jurisdiction;

6. Count IX (negligence against the United States), and Count X (negligence against individual Defendants) against Defendant Juster, should be DISMISSED WITH PREJUDICE for lack of subject matter jurisdiction because the United States cannot be liable for the negligence of independent contractors, and because Plaintiff failed to pursue administrative remedies with respect to alleged negligence of Defendant Juster; and

7. Count X (negligence against individual Defendants) against Defendants Coren, Williams, and Zlupko, should be DISMISSED WITHOUT PREJUDICE because Plaintiff failed to file certificates of merit, as required under Pennsylvania law.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules for Magistrates, objections to this Report and Recommendation are due by January 6, 2011. Responses to objections are due by January 20, 2011.

s/ Cathy Bissoon
Cathy Bissoon
U.S. Magistrate Judge

December 23, 2010

cc:
**SANDY BAEZ**
05749-070
MVCC
555 I Cornell Drive
Philipsburg, PA 16866

All attorneys of record (via CM/ECF e-mail)