# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SANDY BAEZ, | Civil Action No. 10-24J |
| Plaintiff, | Judge Kim R. Gibson/ |
| | Magistrate Judge Cynthia Reed Eddy |
| v. | |
| CORNELL COMPANIES, INC., MOSHANNON VALLEY CORRECTIONAL CENTER ("MVCC"); FEDERAL BUREAU OF PRISONS; MR. MICHAEL ZENK, Warden of MVCC; MR. PAUL JUSTIN, SSIM/FBOP; DOCTOR AGRA; DOCTOR ROMERO; MS. DAWSON, Medical Administrator; DANIEL BUCKLES, Associate Warden; MR. ROHRBACKER, RN; DR. R.G. WILLIAMS; DR. ALFRED B. COREN; and DR. G.M. ZLUPKO; | |
| Defendants. | |

## REPORT AND RECOMMENDATION

I.  **RECOMMMENDATION**

Plaintiff, Sandy Baez ("Plaintiff" or "Baez"), acting pro se, filed suit pursuant to 42 U.S.C. § 1983 [1] and the parallel cause of action implied in Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), alleging that his rights under the Eighth and Fourteenth Amendments were infringed when the Defendants' inadequate medical treatment ultimately required removal of a portion of his right lung. He also alleged pendant state law claims sounding in negligence. After considering the Defendants' various Motions to

---

[1] Baez also alleged jurisdiction pursuant to 28 U.S.C. §§1331 and 1343, stating "that the parties are of diverse citizenship, and the amount in controversy is in excess of $75,000." [ECF No. 6 at ¶11].

Dismiss, the Court dismissed the federal claims with prejudice. The negligence claims against the United States and individual defendant Juster[2] were dismissed with prejudice "for lack of subject matter jurisdiction because the United States cannot be liable for the negligence of independent contractors, and because Plaintiff failed to pursue administrative remedies with respect to . . . Juster." [ECF No. 58 at 17]. The negligence claims against Cornell Companies, Inc. ("Cornell"), Moshannon Valley Correctional Center Facility ("MVCC"), and individual Defendants Zenk, Agra, Romero, Dawson, Buckles, Rohrbacker, Williams, Coren, and Zlupko were dismissed without prejudice; Plaintiff was given the opportunity to file an Amended Complaint against these Defendants alleging facts sufficient to establish diversity jurisdiction. As to Defendants Coren, Williams, and Zlupko, the negligence claims were dismissed because Plaintiff failed to file certificates of merit as required under Pennsylvania law. These claims, too, were dismissed without prejudice in order to permit Plaintiff to comply with the certificate of merit requirement. Three Motions are pending: 1) the Motion filed by Defendants Coren and Williams for lack of prosecution [ECF No. 99]; 2) the Motion filed by Defendant Zlupko for failure to prosecute [ECF No. 100]; and 3) a Motion to Dismiss for Lack of Prosecution filed by Defendants Buckles, MVCC, Agra, Romero, Zenk, and Rohrbacker, and Dawson. [ECF No. 102]. It is respectfully recommended that each of these Motions be granted.

## II.  REPORT

### a.  Factual Background

At all times relevant to this litigation, Baez was incarcerated at MVCC, a private subsidiary of Cornell, both of which operated under contract with the Federal Bureau of Prisons.

---

[2] Juster's name is misspelled in the caption.

Plaintiff alleges that under this agreement, MVCC was obligated "to ensure that prison staff and operations conformed to the requirements of the United States Constitution as it relates to care and treatment of inmates." [ECF No. 16 at ¶ 18].

In his Complaint Plaintiff alleges that in November 2007, Plaintiff reported multiple times to the MVCC Health Services Unit complaining of chest pain and coughing. [ECF No. 1 at ¶28]. An unidentified nurse and Dr. Romero failed to provide a check-up or other examination, and did not treat Plaintiff [Id. at ¶¶ 29-30]. Plaintiff afterward became so ill that he was bedridden and, for several weeks was cared for by other inmates. [Id. at ¶31]. When Baez reported for sick call, he was again refused treatment, and was returned to his unit. [Id. at ¶ 32]. He reported the next day for sick call, and his condition had worsened to the extent that "the Nurses were scared." [Id. at ¶ 33].

Baez was taken to an "outside hospital" where he remained for a "few hours before [being] transported back to the prison" where he was placed in the Health Unit. [Id. at ¶¶ 35-36]. Plaintiff was advised by the [unidentified] Nurse that [no] one knew what kind of medical problem he ha[d]" and that they were awaiting results of tests done at the hospital. [Id. at ¶37]. After being diagnosed with pneumonia and receiving treatment over a few days, Plaintiff was returned to his housing unit. [Id. at ¶ 39]. Two days later, Baez resumed coughing, this time coughing up traces of blood. [Id. at ¶40]. He returned to the Health Unit and was placed in the "frozen room" for observation and tested for tuberculosis. [Id. at ¶¶ 41-42]. He was treated for the disease, even after two tests came back negative. [Id. at ¶¶ 43-44].

Plaintiff was returned to his housing unit where he "started coughing blood profusely and was experiencing pool[s] if blood in [the] form of hemorrhage thrice a week." [Id. at ¶ 46]. By

3

the time Baez returned to the Health Unit, he was "weak and appeared very sick." [Id. at ¶47]. He was placed in the freezer room for several days, and then taken to an outside hospital for a "bronchoscopy, [biopsy] and other tests[s]." [Id. at ¶49]. The results were consistent with "moderate to severe acute and chronic inflammatory changes." [Id. at¶ 50]. The specialist concluded that should there be further hemolysis and should it be severe, Dr. Agra and the remaining Defendants should contact him to repeat the bronchoscopy. [Id.]. Plaintiff was returned to the prison, was placed in his cell, and denied further treatment. [Id. at ¶¶ 52-52].

Plaintiff's situation continued to "debilitate." He continued to report to sick call, informing the doctor and nurses about "bleeding of dark blood and possible pieces of something that appeared like meat." His complaints were ignored. [Id. at ¶ 53]. After a few months, Baez was taken to an outside hospital for another negative "scan skin" test, and was returned to the prison. [Id. at ¶ 54]. Plaintiff continued to complain, and although he suffered bleeding daily, the medical staff failed to respond for several months, when he was eventually taken to the lung specialist who had recommended that Baez return for a repeat bronchoscopy should the bleeding recur and become severe. On October 31, 2008, Plaintiff underwent surgery for removal of a major part of his right lung. [Id. at ¶¶ 60-61].

   b.   **Procedural Background**

Based on these events, Plaintiff filed a ten Count Complaint. The Magistrate Judge ultimately recommended and the District Court agreed [ECF No. 67] that the various Motions to Dismiss should be granted with prejudice except as to the state law negligence claims, which were dismissed without prejudice. This was done in order to permit Plaintiff to file an Amended Complaint properly alleging diversity jurisdiction so that he could continue to litigate the negligence claims in federal court. With respect to Defendants Williams, Coren, and Zlupko, the

claims were dismissed without prejudice in order to allow Plaintiff to secure a certificate of merit in support of the medical malpractice claims against them.[3] The District Court directed that Plaintiff file an Amended Complaint within twenty-one days of the January 25, 2011 Memorandum Order.

Plaintiff filed an appeal to the United States Court of Appeals for the Third Circuit from the District Court's Memorandum Order. While that appeal was pending, Plaintiff filed in the District Court what purported to be an "Amendment to establish Diversity Jurisdiction and to file Certificates of Merit." [ECF No. 73]. In that document, Plaintiff stated that he was a male citizen of the Dominican Republic, residing and teaching in the state of Rhode Island. He had attended college in Rhode Island and obtained a driver's license there. Plaintiff's presence in Pennsylvania was for the sole purpose of serving a federal sentence, and he did not have a bona fide intention to remain here. Plaintiff also alleged that his citizenship differed from that of each of Defendants, but he needed time to produce facts in support of that allegation. [ECF No. 73 at 3]. Plaintiff also addressed the issue of certificates of merit essential to the negligence claims against Coren, Williams, and Zlupko, stating, in essence, that he was unable to obtain the certificates without the assistance of counsel.

Zlupko filed a Motion to Dismiss the Complaint, but the Court did not act on that Motion, given that the Plaintiff's pending appeal divested the District Court of jurisdiction. [ECF No. 90]. On April 26, 2011, the United States Court of Appeals for the Third Circuit dismissed the appeal

---

[3] As the Court explained in its Report and Recommendation [ECF No. 58 at 12], under Pennsylvania Rule of Civil Procedure § 1042.3, the plaintiff in "any action based upon an allegation that a licensed professional deviated from an acceptable professional standard" is required to file a certificate of merit confirming that "an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment , practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm." Id.

at Plaintiff's request. [ECF No. 91]. When this matter was reopened in the District Court on April 28, 2011, the Court allowed Plaintiff another twenty-one days in which to file an Amended Complaint, and advised him that the case would be dismissed with prejudice should he fail to do so. [ECF No. 92].

Plaintiff responded, not by filing an Amended Complaint, but by filing separate Motions, one requesting <u>additional</u> time in which to file the Amended Complaint [ECF No. 96], and a second requesting appointment of counsel. [ECF No. 95]. The same day, May 20, 2011, the Court denied Plaintiff's Motion for Appointment of Counsel, but granted him a third extension, giving Plaintiff until July 5, 2011 to file an Amended Complaint. Plaintiff objected to that portion of the Order denying appointment of counsel, reiterating that without legal assistance, he could not obtain the certificate of merit required to maintain a medical malpractice action.

As of the date of this Report and Recommendation which falls more than a year after his original Complaint was dismissed, Plaintiff – though given three separate opportunities to do so - has not filed an Amended Complaint. Furthermore, he has not requested an extension of time in which to file or communicated with the Court regarding any difficulty he is facing in formulating a revised Complaint. In the three pending Motions made pursuant to Fed. R. Civ. P. 41(b), Defendants ask that this matter be dismissed for failure to prosecute.

### III.    DISCUSSION

The punitive dismissal of an action for failure to comply with court orders is left to the discretion of the court. <u>Mindek v. Rigatti</u>, 964 F.2d 1369 (3d Cir. 1992). In exercising its discretion, the court must consider the following six factors set forth in <u>Poulis v. State Farm Fire and Cas. Co</u>., 747 F.2d 863, 868 (3d Cir. 1984):

    (1)    The extent of the party's personal responsibility;

(2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;

(3) A history of dilatoriness;

(4) Whether the conduct of the party or the attorney was willful or in bad faith;

(5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and

(6) The merit of the claim or defense.

"Not all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988). While the Court recognizes that the negligence portion of Plaintiff's Complaint is based on allegations of egregious conduct, it finds, nonetheless, that the Poulis factors favor dismissal.

The Court analyzes the Poulis factors only as they apply to to Plaintiff's failure to amend the Complaint in accordance with the Court's orders. The Court finds that Plaintiff has repeatedly failed to establish federal jurisdiction over the Defendants against whom negligence is alleged. This is reason enough to dismiss this action; the Court need not reach the state law certificate of merit issue. [4]

While this matter was on appeal, Plaintiff filed a document titled "Amendment to Establish Diversity Jurisdiction and to File Certificate of Merit." [ECF No. 73]. Explaining that he is a native and resident of the Dominican Republic and that his his domicile is in Rhode

---

[4] Because the Court recommends dismissing Plaintiff's federal claims, it may decline to exercise supplemental jurisdiction over the state law claims. See 28 U.S.C. § 1367(c)(3) (providing that a district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction"); Borough of W. Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir.1995) ("[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so."). Such considerations are absent here.

Island, Baez stated that he had attended college and was a middle school teacher in that state. It is clear that he is educated, understood the concept of domicile, and came very close to establishing diversity jurisdiction with respect to at least two of the Defendants, Cornell, and MVCC. Plaintiff failed, however, to flesh out his allegations with respect to the corporate Defendants, and ignored the individual Defendants altogether. He did not explain why he was unable to secure this information, and did not seek the Court's help in obtaining at least limited discovery.

This case has now been pending for nearly two years. Given the overall length of time involved, and the liberal extensions granted to enable Plaintiff to cure the defects in his Complaint, it is difficult to find that Baez acted responsibly in pursuing his claim. In fact, it is clear to the Court that even when his pro se status is taken into account, the Plaintiff has exercised very little responsibility in responding to the Courts orders. This Poulis factor favors termination of this litigation.

As to the second Poulis factor, Plaintiff's failure to act within the time specified has left these Plaintiffs with potential exposure to negligence claims, putting them at a psychological and, perhaps, a professional disadvantage with patients, potential patients, and peers. One who has ever been a defendant in or lived under the cloud of any type of litigation knows the anxiety it typically engenders, and the stress and expense of keeping counsel at the ready.

Factors three and four weigh against Baez. The Court recognizes the difficulties associated with proceeding pro se. In light of the many such cases it sees, however, the Court is convinced that it is not unreasonable to find that a litigant has been dilatory where he has failed to file an Amended Complaint despite having been given a year in which to do so. Plaintiff's

failure to communicate with the Court reinforces the finding of dilatory conduct, and may well rise to the level of bad faith.

The merits of Plaintiff's negligence claims are difficult to assess at this point. Although Plaintiff alleges compelling negligence claims, it appears that Defendants may be able to defend these claims, not only on the merits, but also on the governing statute of limitations and Plaintiff's failure to file certificates of merit essential to his case. This factor, too, weighs against Baez.

Last, the Court considers the availability and effectiveness of alternate sanctions. In this situation, where Plaintiff is proceeding in forma pauperis, monetary sanctions are pointless, and it is all but impossible to devise a sanction short of dismissal. This is, therefore, the recommendation of the court.

## IV. CONCLUSION

For the reasons set out above, it is recommended that the pending Motions to Dismiss for failure to prosecute filed pursuant to Fed. R. Civ. P. 41(b), [ECF No. 99], [ECF No. 100], and [ECF No. 102] be granted. Plaintiff's negligence claims, if viable, must proceed in state court.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules for Magistrates, objections to this Report and Recommendation must be filed by February 8, 2012. Failure to file timely objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

                                                     Respectfully submitted,

                                                     s/ Cynthia Reed Eddy
                                                     Cynthia Reed Eddy
                                                     United States Magistrate Judge

Dated: January 25, 2012

cc: Counsel of Record via CM-ECF

    Sandy Baez
    05749-070
    MVCC
    555I Cornell Drive
    Philipsburg, PA 16866

1