## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SANDY BAEZ, | ) | Civil Action No. 10-24J |
| | ) | |
| Plaintiff, | ) | Judge Kim R. Gibson/ |
| | ) | Magistrate Judge Cynthia Reed Eddy |
| v. | ) | |
| | ) | |
| CORNELL COMPANIES, INC., | ) | |
| MOSHANNON VALLEY | ) | |
| CORRECTIONAL CENTER ("MVCC"); | ) | |
| FEDERAL BUREAU OF PRISONS; MR. | ) | |
| MICHAEL ZENK, Warden of MVCC; MR. | ) | |
| PAUL JUSTIN, SSIM/FBOP; DOCTOR | ) | |
| AGRA; DOCTOR ROMERO; MS. | ) | |
| DAWSON, Medical Administrator; | ) | |
| DANIEL BUCKLES, Associate Warden; | ) | |
| MR. ROHRBACKER, RN; DR. R.G. | ) | |
| WILLIAMS; DR. ALFRED B. COREN; | ) | |
| and DR. G.M. ZLUPKO; | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

AND NOW, this 13th day of February 2012, the Plaintiff having been granted in forma pauperis status, the Complaint in this action [ECF No. 6] was filed on March 3, 2010. On January 5, 2012, the Magistrate Judge filed a Report and Recommendation [ECF No. 110], considering Motions to Dismiss Plaintiff's negligence claims, the only claims remaining in this matter for lack of prosecution. ECF Nos. 99, 100, 102]. It was recommended that these Motions be granted.

In a prior Report and Recommendation, the Magistrate Judge recommended that these claims be dismissed without prejudice, giving the Plaintiff the opportunity to establish diversity jurisdiction over the relevant Defendants, and to file a certificate of merit in support of his malpractice claims. [ECF No. 58]. This first Recommendation was adopted by the District Court

in a Memorandum Order dated January 25, 2011 [ECF No. 67]. In that Order, Plaintiff was given twenty one days in which to file an Amended Complaint with respect to the negligence claims. [Id.]. Plaintiff appealed to the Court of Appeals for the Third Circuit, instead, but ultimately withdrew the appeal. After the appeal was dismissed, the District Court permitted Plaintiff additional time to file viable negligence claims, and advised him that the matter would be dismissed with prejudice should he fail to do so within the time specified. [ECF No. 92].

Plaintiff responded, not by filing an Amended Complaint, but by filing separate Motions, one requesting additional time in which to file the Amended Complaint [ECF No. 96], and a second requesting appointment of counsel. [ECF No. 95]. The same day, May 20, 2011, the Court denied Plaintiff's Motion for Appointment of Counsel, but granted him a third extension, until July 5, 2011, to file an Amended Complaint. Plaintiff objected to that portion of the Order denying appointment of counsel, reiterating that without legal assistance, he could not obtain the certificate of merit required to maintain a medical malpractice action. [ECF No. 97]. Plaintiff failed to file an Amended Complaint establishing diversity jurisdiction over the negligence claims, or a certificate of merit required in medical malpractice actions pursuant to the law of Pennsylvania. Defendants then filed the pending Motions to Dismiss. The Magistrate Judge conducted a Poulis analysis, and concluded that the negligence claims should be dismissed for lack of prosecution.[1] [ECF No. 110].

Baez filed Objections [ECF No. 111] to the Report and Recommendation. The essence of these objections is that he "never understood the concept of filing an Amended Complaint"

---

[1] As the Magistrate Judge noted, it is not necessary to reach the state law certificate of merit issues as the "Plaintiff has repeatedly failed to establish federal jurisdiction over [any of] the Defendants against whom negligence is alleged." [ECF No. 110 at 7].

2

[Id. at 4] and was incapable of securing a certificate of merit without the assistance of an attorney. The Court does not find merit in the first contention, and the second is irrelevant.

Upon independent review of the record, including Objections filed by Plaintiff, and upon consideration of the Magistrate Judge's Report and Recommendation [ECF No. 110], which is adopted as the opinion of this Court, IT IS HEREBY ORDERED that the Defendants' Motions to Dismiss for Lack of Prosecution [ECF No. 99, 100, 102] based on Plaintiff's repeated failure to comply with the Court's Order that he file a timely Amended Complaint establishing diversity jurisdiction over the negligence claims filed against Defendants are GRANTED. It is further ORDERED that insofar as these Motions raise any other ground for dismissal, they are DENIED as MOOT. Nothing in this Order should be construed to prevent Plaintiff from refiling viable negligence claims in state court. The Clerk is directed to mark this case closed.

Kim R. Gibson
United States District Judge

cc: Counsel of Record via CM-ECF

Sandy A Baez
BOP# 05749-070; Unit B-6
MVCC
555 I Geo Drive
Philipsburg, PA 16866